# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re: | |
| ZAHID NAEEM and<br>SHAHIDA MUGHAL NAEEM, | Case No. 09-20542<br>(Chapter 7) |
| Debtors. | |
| KEVIN R. McCARTHY, TRUSTEE, | |
| Objector, | |
| v. | Contested Matter<br>(Objection to Proof of Claim No. 21) |
| INTERNAL REVENUE SERVICE, | |
| Creditor. | |

## MEMORANDUM OPINION

THIS CASE is before the court on the chapter 7 trustee's objection to Claim No. 21 of the Internal Revenue Service. The objection will be sustained.

## Background

The trustee prepared and filed amended federal and state tax returns for the debtors' prepetition tax years in which he carried back net operating losses. The amendments resulted in federal tax refunds of $31,770. The IRS accepted the amended returns and issued a refund check. Unfortunately, the IRS improperly mailed the refund checks to the debtors, not the trustee. The trustee sought to recover the refunds from the debtors, but Ms. Naeem had cashed the refund checks and spent the money. The trustee

1

then filed an adversary proceeding against the IRS and successfully obtained an order requiring the IRS to turnover the tax refunds to him. The IRS did not appeal the judgment. It complied with the turnover order and paid the trustee the tax refund of $31,770. It then filed a proof of claim for the $31,770 it had misdelivered to Ms. Naeem, asserting a priority tax claim for it under §507(a)(8). The trustee objected.

## Positions of the Parties

The IRS argues that the refund it paid to Ms. Naeem was an erroneous refund. Under §507(c) "a claim of a governmental unit arising from an erroneous refund . . . has the same priority as a claim for the tax to which such refund or credit is due." Because it was a post-petition erroneous refund arising from tax periods within three years prior to the filing of the petition, its claim is entitled to priority. In this case, the IRS claim is the highest priority claim. In short, except for administrative expenses, the IRS would get its erroneous refund back from the trustee as a distribution from the estate. 11 U.S.C. §§502(i) and 507(a)(8).

The trustee counters that sending a properly issued refund check to the wrong address is not an erroneous refund. He distinguishes between whether the refund should have been sent at all and where the refund should have been sent. He argues that only a refund that should have never been issued in the first place is an erroneous refund under § 507(c). Here, the IRS sent a properly issued refund check to the wrong address. The trustee argues that it would be unfair for the unsecured creditors to bear the burden of the IRS's mistake and the debtor's wrongful conduct.

2

**Discussion**

The term "erroneous refund" is not defined in the Bankruptcy Code. It should be given its ordinary meaning. *See American Tobacco Co. v. Patterson*, 456 U.S. 63, 102 S.Ct. 1534 (1982) ("We assume that the legislative purpose is expressed by the ordinary meaning of the words used."). The word "erroneous" is defined in Black Law Dictionary as "involving error; deviating from the law." The Merriam-Webster Dictionary defines "erroneous" as "containing or characterized by error." Since the word "erroneous" modifies "return," the refund itself must be erroneous. In this case, the refund was properly – not erroneously – issued.

The question of whether the tax refund was an erroneous refund is different from the question of whether a properly issued refund check is misdelivered, lost or stolen. The tax refund was properly issued by the IRS as a result of the amended tax returns. The error occurred in the sending of the properly issued check to the debtor rather than the trustee. The refund was not erroneous; the delivery of the refund was. If the IRS had sent the refund check to the trustee, no one would content that it was an erroneous refund. The claim does not fall within the bounds of §507(c) and will be disallowed.

*United States v. Frontone (In re Frontone),* 383 F.3d 656 (7th Cir. 2004) addressed §507(c) in a related context. In that case, the IRS determined that the debtors had overpaid their taxes and mailed them a refund. Within a couple of months, the IRS discovered that it had made a mistake and made a supplemental assessment for what was then a deficiency. *Id.* at 657. The debtors made a small partial payment on the deficiency but filed a chapter 7 petition and received a discharge before they had paid it in full. They

3

then filed a chapter 13 petition. The question was whether the deficiency was discharged in the chapter 7 case. If not, it had to be paid in full in the chapter 13 case. *Id.* at 657-658. The Court of Appeals held that the deficiency was a priority tax that was not discharged in the chapter 7 case. It based it decision on the fact that "[t]he ultimate source of the debt is the [debtors'] 2000 income." *Id.* at 660.

The Court acknowledged that not all refunds are taxes entitled to §507(c) treatment. It stated:

> What is true – though not in this case – is that a mistaken refund can give rise to a claim that is not a tax claim and so would not enjoy the priority that the Bankruptcy Code gives such claims and would therefore be dischargeable.

*Id.* at 660. It gave several examples. In the first, it stated:

> Suppose the [debtors] had no income and therefore paid no income taxes, but the IRS made a mistake and mailed them a check. The government would be entitled to the return of the money, but not because the [debtors] owed it any taxes. The ground would be unjust enrichment, since the [debtors] would have no right to retain money paid them by mistake. (citations omitted). The government would proceed by suing for restitution under federal common law, (citations omitted) rather than proceeding by assessing a deficiency; there would be no deficiency.

*Id.* at 660-661.

The Court reaffirmed its decision in *O'Bryant v. United States,* 49 F.3d 340 (7th Cir.1995) in which the IRS erroneously credited the taxpayer's account twice for a single payment made by the taxpayer and refunded the phantom second credit. The Court held that this did not result in a tax that could be collected as a deficiency because the tax had been paid. "Rather, it is a payment the IRS accidentally sent them. They owe it to the government because they have been unjustly enriched by it, not because they have not

4

paid their taxes." *United States v. Frontone,* 383 F.3d at 661 (quoting *O'Bryant v. United States,* 49 F.3d at 346).

In this case, no tax is owed by anyone. All taxes have been paid in full. The IRS sent the tax refund to the wrong address and the debtor cashed the check and spent the money. The remedy is to recover the money from the debtor who was unjustly enriched by it.

## Conclusion

The tax refund check issued by the IRS was properly issued because the debtors overpaid their income taxes. However, as determined in the turnover action, the IRS misdelivered the check. The IRS has no claim against the estate. Its only claim is against the debtor who mistakenly received the check and spent the money. It is a claim for unjust enrichment, not for a tax. The claim for unjust enrichment arose after the filing of the petition in this case and it not a claim in this case. The proof of claim will be disallowed.

Alexandria, Virginia
January 24, 2014

        /s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:
Kevin R. McCarthy
Katherine M. Reinhart

18924